MR. JUSTICE SHEEHY,
dissenting:
I must disagree with the majority opinion.
It is incongruous that the District Court could hold that Wellcome’s improper actions had no effect on the jury verdict on *72 one hand, but that they were serious enough to require sanctions of $20,000 against him on the other. Those two concepts so militate against each other that a new trial of all issues is required against Dr. Alvord. I would sustain the verdict as to Dr. Fisher.
The majority state that “whether Aetna should be held liable for Wellcome’s misconduct is an issue to be addressed by the District Court.” There is no issue on this because Wellcome was Aetna’s agent without doubt. See National Farmers’ Union Property & Casualty Co. v. O’Daniel (U.S.C.A. 9), 329 F.2d 60, (1964), decided in the Ninth Circuit and arising out of Montana.
Because the policy of insurance gives the insurance company the right to defend all actions, to control the litigations, and to pick counsel, it is solely responsible for the improper actions of counsel during the trial. Counsel is personally liable for costs under Section 37-61-42, MCA, but Aetna is likewise liable as the principal. The decision in the Ninth Circuit case grew out of a judgment by Judge William J. Jameson in Jessen v. O’Daniel (D. Mont. 1962), 210 F.Supp.317 and the Ninth Circuit Court affirmed Judge Jameson on the issue of the attorney in that case being the agent of the company.
It is true that the amount of sanctions here is insufficient, and that the case must be returned to the District Court for a redetermination of the sanctions. For that reason the notice-to-Aetna argument is moot as stated in the majority opinion. However, the District Court must further consider sanctions to recompense Dr. Fisher for the second trial. The evidence shows that Dr. Fisher was not causally responsible as a matter of law. The retrial of the cause ought to be limited to a case between the decedent and Dr. Alvord. The jury in this case determined that the decedent was not negligent and as a matter of law there was no way she could have been negligent, since she was semi-conscious or in a coma most of the time. The retrial should consider solely the question whether Alvord was guilty of acts of negligence which were a legal cause or a proximate cause of her death. I would instruct the jury to find the full amount of the damages without regard to any settlements that have been made. The reduction for settlements could be taken care of after the jury returns it verdict, if it found for the plaintiff. State ex rel. Deere & Co. v. District Court (1986), [224 Mont. 384,] 730 P.2d 396, 43 St.Rep. 2270.
What keeps coming through is that in the two cases that have been tried thus far, the decedent in this case had been denied recovery *73 and that result is absurd. It is a result that has been brought about in each case by the improper actions of Wellcome. He and his company should pick up the tab for the costs of the other parties thus far (except for discovery costs which must be used upon the third trial) and I would propose a further sanction that Wellcome could no longer represent Aetna or Alvord in this case since he is unable to comply with strongly expressed rulings of the trial court and this Court and the canons of ethics.